## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| | ) | Case No. 09-16791 |
| Albert Moore, III | ) | |
| | ) | Judge Wedoff |
| Debtor | ) | Trustee Marshall |

### NOTICE OF OBJECTION TO CLAIM NO. 13

**TO:** See attached service list

  PLEASE TAKE NOTICE that on **October 8, 2009 at 9:00 a.m.** we shall appear before the Honorable Judge Wedoff in Courtroom 744 of the United States Bankruptcy Court , 219 S. Dearborn, Chicago, Illinois, 60604 or any other judge sitting in his place or stead, and then and there present the attached **Objection to Claim No 13: Holder John C. Vojta,** a copy of which is attached hereto and is hereby served upon you. You may appear and be heard if you choose.

> Karen J. Porter
> **PORTER LAW NETWORK**
> 230 West Monroe, Suite 240
> Chicago, Illinois 60606
> 312-372-4400
> Fax 312-372-4160
> Attorney No. 6188626

### CERTIFICATE OF SERVICE

  I, Karen J. Porter, an attorney, certify that I served a copy of the foregoing notice and attached motion on the parties listed on the attached service lists as indicated on the attached service list from my offices at 230 West Monroe, Suite 240 Chicago, IL 60606 on August 26, 2009.

> By: /s/Karen J. Porter
> Karen J. Porter

**Service List**

Via ecm electronic filing

Marilyn O Marshall
Chapter 13 Trustee
200 South Michigan Avenue
13th Floor
Chicago, Il 60604

Wendy Morgan
The Law Firm of Wendy R. Morgan
1845 E. Rand Rd.
Suite 211
Arlington Heights, IL 60004


Via regular mail

John C. Vojta
Law Offices of John C. Vojta
119 N. Northwest Highway
Palatine, IL 60067

Lake Toback
33 N. Dearborn
Suite 900
Chicago, IL 60602

Albert Moore, III
4015 W. Cullerton
Chicago, IL 60623

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| | ) | Case No.  09-16791 |
| Albert Moore, III | ) | |
| | ) | Judge Wedoff |
| Debtor | ) | Trustee Marshall |

**OBJECTION TO CLAIM NO 13
THE PRIORITY CLAIM OF JOHN C. VOJTA**

  Albert Moore III ("Debtor"), by and through his undersigned attorneys,  and pursuant to 11 U.S.C. §502(a) and Bankruptcy Rule 3007 objects to Claim No. 13 and in support thereof respectfully states as follows:

  1. Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code (the "Code") on May 8, 2009.

  2. On August 19, 2009 proof of claim (the "Claim") was filed on behalf of John C. Vojta (the "Claimant") by Barbara Sterling.  Counsel was informed that the Claimant authorized Ms. Sterling to file the Claim.  The Claim was assigned claim number 13 and filed as a priority claim for a domestic support obligation in the amount of $5,817.29.  A copy of the Claim is attached to this Objection as Exhibit A.

  3. The Claim arose from an order of the Circuit Court of Cook County, Domestic Relations Division, dated January 31, 2006.  That order directed Debtor to pay Claimant $4,655.00 for attorney's fees pursuant to 750 ILCS 5/508(b).

  4. Section 507(a)(1) of the Code grants first priority to allowed unsecured claims for "domestic support obligations."  Section 101(14A) of the Code provides the following definition of a domestic support obligation.

> The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
>
> (A) owed to or recoverable by—
>
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

    (ii) a governmental unit;

    (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated.

    5.    The term "domestic support obligation," as defined by the Code, is restricted to a claim held by a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative, or a governmental unit.  A claim held by an attorney for attorney's fees that are payable to, or recoverable by, the attorney cannot qualify as a domestic support obligation.  <u>In re Brooks</u>, 371 B.R. 761 (Bankr. N.D.Tex. 2007); *See also* <u>In re Greco</u>, 397 B.R. 102 (Bankr. N.D.Ill. 2008).

    6.    The Claim is entirely for attorney's fees payable to the Claimant.  The Claim is not a "domestic support obligation" as that term is defined by the Code.

    7.    The Claim is not entitled to priority under section 507(a)(1) of the Code as a "domestic support obligation."

    8.    For the foregoing reasons, the Debtor requests that the court disallow the Claim as a priority claim in the amount of $5,817.29 for a domestic support obligation under section 507(a)(1).

    9.    The Debtor request that the court allow the claim as a general unsecured claim in the amount of $5,817.29.

    WHEREFORE, the Debtor prays that this court disallow claim no. 13 held by John C. Vojta as a priority claim in the amount of $5,817.29 for a domestic support obligation; allow claim no. 13 held by John C. Vojta as a general unsecured claim in the amount of $5,817.29 and grant such other and further relief as this court deems proper.

    Respectfully submitted:
    Albert Moore, III
    By: _/s/Karen J. Porter __
    One of his attorneys

Karen J. Porter
**PORTER LAW NETWORK**
230 West Monroe, Suite 240
Chicago Illinois 60606
312-372-4400
Facsimile 312-372-4160
Attorney No. 6188626

B 10 (Official Form 10) (12/08)

# UNITED STATES BANKRUPTCY COURT

**PROOF OF CLAIM**

| | |
|---|---|
| Name of Debtor: Albert Moore III | Case Number: 09-16791 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property): John C Voita

Name and address where notices should be sent: 119 N. Northwest Highway, Palatine, Ill. 60067

Telephone number: ~~847-93~~ 847-963-0099

☒ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 244932460
(If known)

Filed on: 7/20/09

Name and address where payment should be sent (if different from above):

Telephone number:

RECEIVED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

AUG 19 2009

KENNETH S. GARDNER, CLERK
PS REP. - SJ

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 5817.29

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** (508b) Attorney Fees + interest
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 9060

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $ _____    Annual Interest Rate ___ %

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $ _____    Basis for perfection: _____

Amount of Secured Claim: $ _____    Amount Unsecured: $ _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☒ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**
$ 5817.29

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**FOR COURT USE ONLY**

Date: 8/19/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Barbara Sterling*

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

DRAFT ORDER



# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

Barbara Starling

v.

Albert Moore, III

NO. 89 D 50195

## ORDER

This cause coming to be heard on ☒ Petitioner's ☐ Respondent's ☐ Joint Motion for _____, all parties being advised of the premises, ☒ Petitioner ☒ with counsel ☐ pro se ☐ Respondent ☒ with counsel ☐ pro se appearing, and this court having jurisdiction over the subject matter, ☐ by agreement ☒ after hearing,

THE COURT FINDS:

① Petitioner's Motion to Reconsider Increasing Bond Accounts is granted;

② Petitioner's Amended Pet. for Atty's Fees is granted; and

②.5 Petitioner's Pet. for Rule is entered and continued for hearing. (* Pet. has 14 days to Amend. Pet. for Rule)

IT IS HEREBY ORDERED: ③ Petition for College Expenses is continued on hearing to 3-31-06 at 2:00 p.m. in 1403 - Resp. to appear and bring his tax returns, 1099's, W-2's for 2003, 2004 & 2005 and his bank acct. statements and paystubs for 2004 & 2005; Judgment in favor of John Vojta & against Albert Moore, III is entered in the amount of $4,655.00; Resp. must deposit $250.00 into bond acct (or mail to Pet.) by 2-15-06, and maintain said acct. at $400.00 until further order of court. Resp. shall deposit $3000.00 into child support bond (a mail to Pet) by 2-15-06, and an additional $4500.00 by 3-15-06; Petitioner may send the minor child's medical bills to Rick Braden's office from now on via regular mail for purpose of Resp. paying her 50%; and Resp. has 28 days to respond to Pet. for rule - hearing on 3-31-06 at 2:00 p.m.

1-31-06
JUDGE THOMAS J. KELLEY
JAN 31 2006

DOROTHY BROWN

**Affidavit for Wage Deduction Order** (This form replaces CCMD-16 A and CCM1 133)    (Rev. 1/2/01) CCG 0050 A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT / FIRST DISTRICT

Barbara Sterling on behalf of Jenise Sterling
Plaintiff

v.    No. 89 D 50195

Albert Moore III
Defendant    Return Date Sept. 25, 2008
(21 to 40 days after date of issuance of summons)

and

ELC Healthcare, LLC – Maria Evelina Cruz
Employer

## AFFIDAVIT FOR WAGE DEDUCTION ORDER

John C. Vojta _____ on oath states:

1. I believe employer **ELC Healthcare, LLC – Maria Evelina Cruz** is indebted to the judgment debtor **Albert Moore III** for wages due or to become due. Employer's Address is: **1715 N. Keating Ave. Chicago, IL 60639**.

2. The last known address of the judgment debtor is **4015 W. Cullerton, Chicago, IL 60623**.

I request that a summons issue directed to employer and I certify that a copy of the Wage Deduction Notice was mailed to judgment debtor at his/her last known address prior to filing of this wage deduction proceeding.

Atty. No. 55844
Name: John C. Vojta
Attorney for: Plaintiff
Address: 19 N. Northwest Hwy.
City/Zip: Palatine, IL 60067
Telephone: 847-963-0099

Signed and sworn to before me 8-27-, 08

_Donnalyn M Gurgiolo_ , Notary Public

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies that the statements set forth herein are true and correct.

OFFICIAL SEAL
DONNALYN M. GURGIOLO
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10-13-2010

### CERTIFICATE OF ATTORNEY OR NON-ATTORNEY

Note: Non-Attorneys must also submit a copy of the underlying judgment or a certification by the clerk of the court that entered the judgment.

I, the undersigned certify under penalties as provided by law pursuant to 735 ILCS 5/1-109 that the following information is true:

1. Judgment in the above captioned case was entered on **January 31, 2006**
2. The amount of Judgment    $ 4,655.00
3. Allowable costs previously expended:
   a. Initial filing fee    $ _____
   b. Original and alias summons    $ _____
   c. Filing and summons costs of prior supplementary proceedings    $ _____
4. Filing and summons cost for this garnishment    $ 80.00
5. Interest due on Judgment    $ 1,082.29
   
   Total    $ 5,817.29

DEDUCT: Total amount paid by or on behalf of the judgment debtor prior to this garnishment    $ 0

BALANCE DUE JUDGMENT CREDITOR    $ 5,817.29

_JCVojta_
Attorney or Non-Attorney for Judgment Creditor    (OVER)

(Rev. Dec. 0050 B)

n Date: 9-25-2008                    Case Number: 89 D 50195

## INTERROGATORIES/ANSWER TO WAGE DEDUCTION PROCEEDINGS

mployer/Agent: ELC HEALTH CARE , certifies under penalty of perjury that the following swer is true and correct to the best of his/her knowledge and belief concerning the property of the judgment debtor:

btor Name: ALBERT MOORE III    Soc. Sec. No. _____

you pay monies to the judgment debtor listed above?    ☒ Yes  ☐ No

ite whether any funds paid to the debtor are for disability, retirement, or are in any other way exempt or subject to other
_____

urt Order: _____

e Pay Period equals: _____ day(s)  2  week(s) _____ month(s)

### CALCULATION TO DETERMINE AMOUNT OF WITHHOLDING:

) Gross Wages minus mandatory contributions to pension or retirement plans is    (A) 1923.08

) METHOD I    15% of (A)    (B) 288.46

**METHOD II**
(C) Enter Total FICA, State and Federal Tax and Medicare    (C) 524.80
(D) Subtract (C) from (A)    (D) 1398.28
(E) Enter 45 x Current Federal Minimum Hourly Wage per pay period.    (E) 589.50

) Subtract (E) from (D)    (F) 808.78
) Enter the lesser of Line (b) or (f)    (G) 288.46
) Enter Child Support of other Court Ordered Deduction    (H) —
) Subtract (H) from (G)    (G) 288.46
) Subtract Employer's Statutory Fee (§ 5/12 - 814)    (J) 12.00
K) Amount to be applied to judgment    (K) 276.46

ine I is the amount to be withheld from employee's paycheck as of the date of service of Summons and not disbursed until
urther order of Court.

Signature of Employer: _Maria Evelina L. Cruz_

### INSTRUCTIONS

- Mail a copy of this Answer to the Court, mail to attorney for Plaintiff, and give a copy to the Defendant. If filing in Dist. 1 Municipal you may fax your Answer to 312-603-6522.
- You will receive a copy of a Court Order by fax or mail instructing you how to proceed and where to send deducted funds.

Employer/Agent:
Agent Name: MARIA EVELINA L. CRUZ        Clerk of the Circuit Court
Employer Name: ELC HEALTH CARE, LLC        _____ County Courthouse
Address: 1715 N. KEATING
         CHICAGO, IL 60639        Street
Phone: 773-235-5910
Fax: 773-235-5914        City        State        Zip

NOTE: A copy of this Answer should be mailed to the Court, Attorney for Plaintiff or Judgment Creditor and to the Defendant.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| | ) | Case No.  09-16791 |
| Albert Moore, III | ) | |
| | ) | Judge Wedoff |
| Debtor | ) | Trustee Marshall |

**ORDER DISALLOWING CLAIM NO 13**
**THE PRIORITY CLAIM OF JOHN C. VOJTA**

This cause comes on to be heard on the Debtor's motion to disallow the priority claim filed by John C. Vojta, due and proper notice having been given to the parties entitled thereto; and the court being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED** that the Motion is granted.  The priority claim filed by John C. Vojta in the amount of $5,817.29 is disallowed.

**IT IS FURTHER ORDERED** that claim no. 13 held by John C. Vojta in the amount of $5,817.29 is allowed as a general unsecured claim without priority.

Enter:

_____
United States Bankruptcy Judge

Karen J. Porter
**PORTER LAW NETWORK**
230 West Monroe, Suite 240
Chicago Illinois 60606
(312) 372-4400
Facsimile: 312-372-4160
Attorney No 6188626