### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| **IN RE:** | ) | Chapter 13 |
|  | ) |  |
| **ALBERT MOORE** | ) | Case No. 09-16791 |
|  | ) |  |
| Debtor(s) | ) |  |
|  | ) |  |
|  | ) |  |

### NOTICE OF MOTION

TO:     See attached service list

Please take notice that on **September 17, 2009 at 10:30 a.m.**, I shall appear before the Honorable Judge Wedoff in Courtroom 744 of the United States Bankruptcy Court, 219 S. Dearborn, Chicago, Illinois, 60604, or any other judge sitting in his place or stead, and then and there present the attached **MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 AND BANKRUPTCY RULE 9011,** a copy of which is attached hereto, at which time you may appear as you see fit.

**THE LAW FIRM OF WENDY R. MORGAN**

_____

By one of the Attorneys

THE LAW FIRM OF WENDY R. MORGAN
Attorneys for Debtor
1845 East Rand Road, Suite 211
Arlington Heights, Illinois 60004
(847)259-5700
Attorney No. 70297

### CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalties of perjury as provided by law pursuant to Ill. Rev. Stat. Chap. 110, par.1-109 that the above Notice of Motion along with the aforesaid motion were properly served upon the above-named individuals via U.S. Mail this 10th day of September, 2009.

_____

Jevo Hyso

## Notice Recipients

District/Off: 0752−1

Case: 09−16791

User: mmiller

Form ID: b9i

Date Created: 5/11/2009

Total: 16

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | |
|---|---|---|
| db | Albert Moore, III | 4015 West Cullerton | Chicago, IL 60623 |
| ust | William T Neary | Office of the U.S. Trustee, Region 11 | 219 S Dearborn St | Room 873 | Chicago, IL 60604 |
| tr | Marilyn O Marshall | 224 South Michigan Ste 800 | Chicago, IL 60604 |
| aty | Karen J Porter | Porter Law Network | 230 West Monroe | Suite 240 | Chicago, IL 60606 |
| 13893219 | BG Investments | 120 North LaSalle | Suite 1350 | Chicago, IL 60602 |
| 13893218 | Barbara Sterling | 626 Walden | Palatine IL 60067 |
| 13893220 | Dependable Lawn Care | P.O. Box 119 | Blue Island, Illinois 60406 |
| 13893221 | FairShare Plus | P.O. Box 340090 | Boston MA 02241−0490 |
| 13893222 | John C. Vojta | Law Office of John C. Vojta | 119 N. Northwest Highway | Palatine, IL 60067−5324 |
| 13893223 | Lake Toback | 33 N. Dearborn | Suite 900 | Chicago, Il 60602 |
| 13893224 | MQC Collection Services | P.O. Box 140700 | Toldeo, Ohio 43614 |
| 13893225 | Oak Park Cardiology | 7411 West Lake Street | Suite 2110 | River Forest, Il 60305−1886 |
| 13893226 | Rush Oak Park Hospital | 520 Maple Avenue | Oak Park IL 60304−0197 |
| 13893227 | Troy Q. Smith &Associates | 1245 E,.Diehl Road | Suite 105 | Naperville IL 60563 |
| 13893228 | U.S. Bank | P.O. Box 790408 | St Louis MO 63179−0408 |
| 13893229 | Wyndham Vacation Resorts | P.O. Box 3630 | Boston MA 02241−3630 |

TOTAL: 16

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re:  **ALBERT MOORE**                )        **CHAPTER 13**

)

**Debtor(s)**                )        **CASE NO. 09-16791**

)

## MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 AND BANKRUPTCY RULE 9011

NOW COMES, Movant, BARBARA STERLING, by and through her attorneys, THE LAW FIRM OF WENDY R. MORGAN, and moves this Honorable Court to impose Sanctions against Debtor and/or his Counsel pursuant to Federal Rule of Civil Procedure 11, Bankruptcy Rule 9011, Section 105(a) of the United States Bankruptcy Code, and all relevant Sections of the United States Bankruptcy Code and, in support thereof, states as follows:

1.      Debtor filed for Chapter 13 Bankruptcy on May 8, 2009.  Debtor's Chapter 13 Bankruptcy Petition is wholly improper, unwarranted, and frivolous and his Chapter 13 Plans have not been proposed in good faith for the reasons as set forth below.

2.      Debtor completely and willfully failed to properly schedule debts owed to Movant, Barbara Sterling, which are unsecured priority claims regarding Domestic Support Orders and are totally non-dischargeable under §523 of the United States Bankruptcy Code. Instead, Debtor initially improperly scheduled his Chapter 13 Plan to pay only 20% of these debts.  In his modified Chapter 13 Plan he still failed to schedule 100% of these debts, but only scheduled to pay 60% of these non-dischargeable debts.  In addition, Debtor willfully failed to schedule and pay his post-petition Domestic Support payments as required for confirmation under Section 1325(a)(8) of the United States Bankruptcy Code.  Additionally, Debtor filed a perjurious Affidavit falsely stating that since the time of the filing of his Bankruptcy, he has not been required by judicial or administrative order, or by statute to pay any domestic support

1

obligation as defined in 11 U.S.C. §101 (14A). *See* Affidavit of Compliance attached hereto as

**Exhibit "A"** and made a part hereof. However, Debtor was totally aware that he had post-

petition domestic support obligations which he was ordered to pay and which he is still required

to pay.

   3.  In addition to the above, Debtor has filed several completely different income

disclosures in his Chapter 13 Bankruptcy Petition which may well be fraudulent and clearly

constitute misrepresentations of fact. Debtor also failed to disclose his interest in the business,

ELC Health Care LLC, which he claimed to have been a sole-proprietor of on his 2006 Schedule

C, see attached **Exhibit "B"**. Debtor claimed that he no longer had any ownership interest in the

business and that, subsequent to 2006, it belongs to Maria Evelina L. Cruz, who, upon

information and belief, is Debtor's current girlfriend. However, Debtor failed to provide any

evidence of any sale or transfer of ownership. Furthermore, Debtor also clearly had

authorization to sign checks for the business as he did on February 27, 2008, when he made a

check payable to Movant, Barbara Sterling in the amount of $6,955.44 from the business account

of ELC Health Care LLC, which he signed in his own name. A copy of this check is attached

hereto as **Exhibit "C"** and made a part hereof. In addition, in 2009 another check from the

business was written and signed for the benefit of Debtor in the amount of $11,000.00, which

was signed by Maria Evelina L. Cruz to post the bond for Debtor's body attachment, which

pertained to a past domestic support obligation for Debtor was held in contempt.

   It should also be noted that in August of 2008, Debtor's biweekly gross income was in

the amount of $4,615.38. A copy of the August Payroll Journal of ELC Health Care LLC is

attached hereto as **Exhibit "D"** and made a part hereof. Suspiciously, after Attorney John Vojta

filed his Wage Garnishment for his attorneys' fee judgment against Debtor, Debtor's income was

2

reduced from $57.6923 per hour to $24.0385 per hour and his biweekly gross was reduced from

$4,615.38 per biweekly pay period to $1,923.08 per biweekly pay period. A copy of Debtor's

2008 Payroll Journal for September , October, November and December of 2008 is attached

hereto and marked as **Exhibit "E"** and made a part hereof. Furthermore, in Debtor's Statement

of Financial Affairs, Debtor failed to disclose his income from January 1, 2008 through the

period ending July 26, 2008, even though Debtor maintained he was working throughout this

period. As a result of the above, it is the position of Movant, Barbara Sterling, that the gross

income claimed by Debtor in his Amended Schedule and his claim of income on his Modified

Chapter 13 Plan is grossly insufficient and improper. Furthermore, even the most recent

amended income schedule does not account for all of Debtor's income, is substantially

insufficient, and upon information and belief, does not provide proof of his current income.

4.      It is the position of the Movant that Debtor filed his Chapter 13 for the sole

purpose of avoiding purging his contempt pursuant to the Court Orders that were entered in

Circuit Court of Cook County ordering Debtor to pay domestic support obligations and attorneys

fees. Furthermore, the Debtor filed his Chapter 13 Petition in an attempt to improperly exculpate

himself the jurisdiction from the Circuit Court of Cook County and Honorable Judge Reynolds

Domestic Support Obligation Orders which are both pre-petition and post petition Domestic

Support Obligation Orders. Movant, Barbara Sterling believes that Debtor's filing of the

Chapter 13 and his modified Plan are a bad faith attempt to evade both the pre-petition and post-

petition domestic support obligations and order and related attorney's fees.

5.      For the reasons stated above, Debtor's Chapter 13 Bankruptcy Petition, is wholly

improper, unwarranted and insufficient and has no legal basis whatsoever.

3

6.      That Debtor's Bankruptcy Petition sets forth material misrepresentations of fact and Debtor has not proposed this plan in good faith. Debtor's Chapter 13 Bankruptcy Petition was filed for the improper purpose of seeking to improperly exculpate himself from the jurisdiction of the Circuit Court of Cook County and Honorable Judge Reynold's Domestic Support Obligation Orders in an attempt to evade his domestic support obligations, his contempt of court, and obligations to purge his contempt.

7.      Bankruptcy Rule 9011 provides in pertinent part as follows:

> (b)      **Representations to the court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> > (1)  It is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> >
> > (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
>
> (c) **Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate **sanction** upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

8.      The goal of the sanctions remedy provided under Bankruptcy Rule 9011 is to deter unnecessary filings, prevent the assertion of frivolous pleadings, and to require good faith

4

filings. Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1077-80 (7th Cir. 1987).

Furthermore, Bankruptcy courts have the inherent power to sanction vexatious conduct

presented before the court. The inherent power is recognized in the statutory grant Congress has

provided the bankruptcy courts in Section 105(a) of the United States Bankruptcy Code. In re

Rainbow Magazine, 77 F.3d 278 (9th Cir. 1996).

9.      Debtor filed his false and frivolous Chapter 13 Bankruptcy Petition in bad faith

for the improper purpose of seeking to improperly exculpate himself from the jurisdiction of the

Circuit Court of Cook County and Honorable Judge Reynold's Domestic Support Obligation

Orders in an attempt to evade his domestic support obligations, his contempt of court, and

obligations to purge his contempt. Debtor set forth substantial misrepresentations of fact in his

Chapter 13 Petition and in his proposed Chapter 13 plans which have failed to be confirmed in a

timely manner and have caused unreasonable delay.

10.     As a result of the above, Movant, Barbara Sterling, has been forced to incur

substantial attorney's fees and costs, in the amount of **$9,154.31**, to litigate this matter and

ensure that Debtor is not able to improperly evade his domestic support obligations through his

filing of an improper and false Chapter 13 Bankruptcy Petition.

11.     That attorney's fees and costs should be assessed against the Debtor, his counsel

or both for filing unwarranted and false Chapter 13 Bankruptcy in violation of Bankruptcy Rule

9011.

**WHEREFORE,** Plaintiff, THE LAW FIRM OF WENDY R. MORGAN, prays for the following

relief:

A. That this Honorable Court Dismiss Debtor's Chapter 13 Case;

5

B.  That this Honorable Court assess attorney's fees and costs against the Debtor, attorney, or

both, for filing an unwarranted and false Chapter 13 Bankruptcy in violation of Bankruptcy

Rule 9011.

C.  That Judgment in the amount of **$9,154.31** for attorney's fees and costs be entered

instanter against Debtor and/or his Counsel and in favor of Movant, Barbara Sterling,

to be paid within 21 days.

D.  For any and all other relief as this Court deems just and equitable.


Respectfully submitted,

The Law Firm of Wendy R. Morgan

Wendy R. Morgan
Attorney for Barbara Sterling